UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD JAMES FISHER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C16-6051-JPD<br><br><br><br>ORDER |

Plaintiff Ronald James Fisher appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 55-year-old man with a ninth-grade education and a GED. Administrative Record ("AR") at 13-14. His past work experience includes employment as a residential and commercial painter. AR at 392. Plaintiff was last gainfully employed in June 2010. *Id*.

In April 2014, Plaintiff filed an application for DIB, alleging an onset date of June 8,

ORDER - 1

2010.[1]  AR at 215-21.  Plaintiff asserts that he is disabled due to injuries to his ribs, shoulder, pelvis, and back.  AR at 391.

The Commissioner denied Plaintiff's claim initially and on reconsideration.  AR at 1.  Plaintiff requested a hearing, which took place on July 23, 2015.  AR at 1-67.  On August 17, 2015, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy.  AR at 78-89.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 68-73, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On December 23, 2016, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1.

## II.    JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

---

[1] Plaintiff's prior DIB application was denied on September 28, 2012, and that decision remains administratively final.  AR at 78.  Thus, the period adjudicated by the ALJ on this application runs from September 29, 2012, through March 31, 2013, the date last insured ("DLI").  AR at 78-89.

ORDER - 2

medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    EVALUATING DISABILITY

As the claimant, Mr. Fisher bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

ORDER - 3

§§ 404.1520(b), 416.920(b).[2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

ORDER - 4

V.     DECISION BELOW

On August 17, 2015, the ALJ found:

1. The claimant last met the insured status requirements of the Act on March 31, 2013.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of June 8, 2010, through the DLI of March 31, 2013.

3. Through the DLI, the claimant's status post multiple rib fractures with open reduction internal fixation and residual pain, left hemopneumothorax, status post pelvic/sacral fractures with residual pain, degenerative disc disease of the lumbar spine with pain, chronic pain syndrome, torn left shoulder labrum status post surgery with residual pain, obesity, emphysema, and alcohol and narcotic medication abuse/dependence were severe impairments.

4. Through the DLI, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. Through the DLI, the claimant had the RFC to lift up to 20 pounds occasionally and left and carry up to 10 pounds frequently in light work as defined in 20 C.F.R. § 404.1567(b).  He could stand and walk for six hours in an eight-hour workday, for 45 to 60 minutes at a time before needing to sit for five to 10 minutes.  He could sit for six hours in an eight-hour workday, for up to 45 to 60 minutes at a time before needing to stand for five to 10 minutes.  He could frequently balance.  He could occasionally climb ramps and stairs, stoop, kneel, and crouch.  He could never crawl or climb ladders, ropes, or scaffolds.  He could occasionally push, pull, and engage in foot pedal operations with the left lower extremity.  He could never reach overhead with the non-dominant left upper extremity.  He could occasionally reach in all other directions with the left upper extremity.  He had to avoid more than occasional exposure to irritants such as fumes, odors, dust, gases, chemicals, and poorly ventilated spaces, and hazards such as dangerous machinery and unsecured heights.  He was capable of learning, remembering, and performing simple and detailed work tasks. He could interact appropriately with supervisors, coworkers, and the public. He could readily adjust to routine changes in the workplace.

6. Through the DLI, the claimant was unable to perform any past relevant work.

ORDER - 5

7.  Through the DLI, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

8.  The claimant was not under a disability, as defined in the Act, at any time from June 8, 2010, the alleged onset date, through March 31, 2013, the DLI.

AR at 80-89.

## VI.  ISSUE ON APPEAL

The principal issue on appeal is whether the ALJ erred in assessing certain medical opinions. Dkt. 12 at 1.

## VII.  DISCUSSION

Plaintiff argues that the ALJ erred in discounting opinions provided by treating and examining providers in connection with his state worker's compensation claim. *See* AR at 86 (ALJ's decision grouping all of these opinions together). The ALJ discounted these opinions for the same reasons: the ALJ found the opinions to be "inconsistent with the claimant's longitudinal treatment history, the objective clinical findings, and the claimant's documented daily activities set forth above." AR at 86. Plaintiff challenges the ALJ's assessment with respect to the July 27, 2012 opinion of Alexandr Chatilo, M.D.[3]; the October 17, 2012 opinion

---

[3] The parties dispute whether this opinion should be attributed to Dr. Chatilo, or whether he merely endorsed a portion of a physical therapist's opinion that does not reference functional limitations. Dkt. 13 at 5; Dkt. 14 at 3-4. As Plaintiff notes, whether the opinion was endorsed in whole or in part by Dr. Chatilo, the ALJ rejected the opinion to the extent it was inconsistent with the RFC assessment. AR at 86 (referencing *inter alia* AR at 752). Even if the opinion is considered an "other" source opinion, the reasons given by the ALJ are neither germane nor specific and legitimate, as explained *infra*. *See Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). Thus, under either set of applicable standards, the ALJ's analysis of the July 27, 2012 opinion is deficient.

To the extent that the Commissioner directs the Court's attention to other opinions authored by Dr. Chatilo (Dkt. 13 at 5 (citing AR at 755)), the relevance of other opinions to this argument is unclear, because the issue is whether the ALJ erred in discounting the July 27, 2012 opinion.

ORDER - 6

of Charles Larson, M.D.; the April 3, 2013 of Teri Jo Lientz, MPT; and the May 9, 2015 opinion of Mark W. Manoso, M.D. AR at 752, 764-78, 782-802, 1001-21.

1. <u>Legal standards</u>

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining

physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions written by practitioners other than an "acceptable medical source" may be discounted if an ALJ provides "reasons that are germane to each witness." *Dodrill,* 12 F.3d at 919.

2.   Disputed opinions

The Court agrees with Plaintiff that the ALJ erred in discounting the challenged medical opinions. Although the ALJ referenced records indicating that Plaintiff could lift 30-40 pounds occasionally and 20-25 pounds frequently, the challenged opinions found that Plaintiff could lift less weight and the ALJ did not explain why he credited the less restrictive opinions over the more restrictive opinions. AR at 87. Likewise, although the ALJ referenced unspecified "objective clinical findings" that were inconsistent with the discounted opinions, most of the opinions themselves reference objective clinical findings based on examination and testing. AR at 86, 770-71, 782-83, 1014-17. Thus, this line of reasoning does not provide a specific, legitimate basis to discount the challenged opinions.

The ALJ also emphasized that Plaintiff testified that he could occasionally lift 20 pounds with his (dominant) right arm, but this testimony is consistent with Ms. Lientz's testing, and therefore also consistent with Dr. Manoso's opinion, which referenced Ms. Lientz's testing. *See* AR at 783, 1019. Therefore, this reasoning does not provide a legitimate basis to discount the opinions of Ms. Lientz or Dr. Manoso.[4]

---

[4] The Commissioner also argues that Ms. Lientz and Dr. Manoso opined that Plaintiff could perform at least some light jobs, suggesting that their opinions could be construed consistent with the ALJ's RFC assessment. Dkt. 13 at 10-11. Those providers may have indicated that Plaintiff could be capable of performing some light work, but they also referenced findings that would be inconsistent with the ALJ's RFC assessment, such as the standing/walking restrictions. *Compare* AR at 83 *with* AR at 784 (Ms. Lientz's findings),

ORDER - 8

The ALJ also references Plaintiff's self-reported "unrestricted" daily activities in 2011, as well as his ability to cook simple meals, wash dishes, shop, golf, play basketball, and pressure wash a roof. AR at 87. Plaintiff argues that his activities in 2011 are not relevant to whether he is disabled between September 29, 2012, and March 31, 2013, and the Commissioner does not address this argument, instead citing primarily portions of the record that pre-date the adjudicated period. Dkt. 13 at 9 (citing AR at 557, 639, 643, 670, 701). The Commissioner did cite a record that post-dates the adjudicated period, which mentions Plaintiff's ability to swim and use a hot tub (Dkt. 13 at 9 (citing AR at 885)), but it is not reasonable to find that swimming an unspecified distance for an unknown length of time or sitting in a hot tub is inconsistent with any particular limitation indicated in the challenged opinions. For these reasons, the Court finds that the ALJ has not identified activities that are inconsistent with the opinions with respect to Plaintiff's abilities during the adjudicated period.

The Commissioner addresses other opinions of record, but Plaintiff did not assign error to the ALJ's assessment of those opinions. Dkt. 13 at 11-14. Because the Court finds error in the ALJ's assessment of the opinions challenged by Plaintiff, the Court directs the ALJ to reconsider those opinions on remand.

//

//

//

//

//

//

---

1019 (Dr. Manoso's reference to Ms. Lientz's findings). Thus, these opinions cannot be construed as entirely consistent with the RFC assessment.

ORDER - 9

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.

DATED this 27th day of July, 2017.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge